IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

BLUE MOON CARE HOME LLC )
and NATHALIE S. ANGULO ABURTO, )
)
Plaintiffs, ) TC-MD 160039C
)
v. )
)
MARION COUNTY ASSESSOR, )
)
)
Defendant. ) **FINAL DECISION OF DISMISSAL**

This Final Decision of Dismissal incorporates without change the court's Decision, entered May 10, 2016. The final decision's caption is altered from that of the decision to show that Plaintiffs' Complaint is dismissed. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* TCR-MD 16 C(1).

Plaintiffs appeal the real market value of property identified as Account P345119 (subject property) for the 2009-10, 2010-11, and 2011-12 tax years. Plaintiffs' Complaint asserts that the county incorrectly calculated the value of the personal property and that the real market value for the years at issue was no more than $4,000. (Compl at 1.) Defendant in its Answer moved to dismiss, asserting that Plaintiffs did not appeal the values for the tax years at issue to the county board of property tax appeals (Board) as provided in ORS 309.100 and that the tax years at issue "are beyond this Court's jurisdiction under ORS 305.288." (Def's Answer at 1.)

A case management hearing was held on April 18, 2016. The proceeding was held by telephone. Nathalie S. Angulo Aburto (Angulo) appeared on behalf of Plaintiffs. Defendant was represented by Scott A. Norris (Norris), Assistant County Counsel, Marion County.

/ / /

At the April 18, 2016, telephone hearing, the court reviewed the pleadings with the parties and explained to Angulo that if Defendant succeeded on its request for dismissal, the appeal would be dismissed and the case would not move forward to the question of the value of the subject property. The court offered Angulo several options for addressing Defendant's dismissal request, as allowed by Tax Court Rule-Magistrate Division (TCR-MD) 7 B, and Angulo requested that the court take statements from the parties and render a decision without further proceedings or written responses.

Norris presented his position regarding the motion and Angulo responded, mostly presenting factual statements.

## I. STATEMENT OF FACTS

Angulo has worked for Blue Moon Care Home LLC (Blue Moon) since 2006. Angulo is one of the owners of Blue Moon. Blue Moon owned taxable personal property but did not file personal property tax returns in 2009, 2010, or 2011, as required by ORS 308.290(1)(a) (2009)[1].

On August 11, 2009, Defendant sent a letter to Blue Moon advising Blue Moon that, "pursuant to ORS 311.216, we have added omitted property to your personal property account because you did not file the required 2009 Confidential Personal Property Return."[2] (Def's Ltr at 1, Aug 11, 2016.) Defendant's August 11, 2009, letter was addressed to Abel Angulo, DBA: Blue Moon Care Home, 4514 47th AV NE, Salem, OR 97305. (*Id*.)

/ / /

---

[1] Unless noted otherwise, the court's references to the Oregon Revised Statutes (ORS) are to 2013. The court referenced the 2009 edition of the Oregon Revised Statutes (ORS) for the statutory personal property tax return requirement because that version of the state's tax code governs two of the three tax years at issue (2010 and 2011). There are no relevant differences in the 2007 edition of the applicable statute, which governs the 2009 tax year relative to personal property returns.

[2] Defendant's August 11, 2009, letter to Blue Moon was submitted to the court by Defendant, at the court's request, following the April 18, 2016 hearing, after Norris read a portion of that letter during the April 18 proceeding.

Angulo stated that she did not *recall* receiving personal property tax statements for tax years 2009-10, 2010-11, or 2011-12. Angulo further stated that she was not aware that there was a tax on personal property, acknowledging that she realized her lack of knowledge was not a sufficient reason for failing to file the statutorily required personal property tax returns each year. Finally, Angulo stated that she was not aware that she could appeal.

## II. ANALYSIS

A.      *Tax Years at Issue*

ORS 305.288(3) permits the court to order a change to "the current tax year" and "either of the two tax years immediately preceding the current tax year * * *." For purposes of ORS 305.288, " '[c]urrent tax year' has the meaning given the term under ORS 306.115." ORS 305.288(5)(a). The current tax year is defined by ORS 306.115(5) as "the tax year in which the need for the change or correction is brought to the attention of the department." A tax year is a 12-month period from July 1 through June 30. *See* ORS 308.007(1)(c).

In this case, Plaintiffs' appeal was filed in February 2016, which was during the 2015-16 tax year, which began on July 1, 2015, and ends June 30, 2016. Thus, the "current tax year" is the 2015-16 tax year and the two preceding tax years are 2014-15 and 2013-14.

Plaintiffs have appealed tax years 2009-10, 2010-11, and 2011-12. Those years are beyond the court's three-year jurisdictional window provided in ORS 305.288. That fact alone is sufficient grounds to grant Defendant's request for dismissal. However, the court will briefly address Plaintiffs' explanation for not timely appealing to this court.

B.      *Good and Sufficient Cause*

ORS 305.288(3) provides, in pertinent part:

> "The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and

for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that *good and sufficient cause* exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."

(Emphasis added.)

ORS 305.288(5)(b)(A) defines "[g]ood and sufficient cause" as "an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal[.]" Good and sufficient cause "[d]oes not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information." ORS 305.288(5)(b)(B).

Angulo explained that the appeal was not timely filed because she did not know she could appeal. Angulo is one of the owners of Blue Moon, and she ultimately filed this appeal. She is Blue Moon's authorized representative.

The statute specifically exempts lack of knowledge from the definition of "[g]ood and sufficient cause." ORS 305.288(5)(b)(B). Accordingly, Plaintiffs do not meet the requirements for filing after the ordinary appeal period, which in a valuation case begins with a petition to the county Board on or before December 31each year relief is sought, pursuant to ORS 309.100(2), followed by an appeal to the Tax Court "within 30 days after the date of the * * * mailing of the [Board's] order." ORS 305.280(4).

### III. CONCLUSION

Plaintiffs did not timely file an appeal for a reduction in the real market value of their personal property, identified in the assessor's records as Account P345119, for tax years 2009-10, 2010-11, and 2011-12. The Complaint was filed during the 2015-16 tax year and is

therefore beyond the statutory three-year window found in ORS 305.288(3). Moreover, were the appeal timely under ORS 305.288, Plaintiffs lack sufficient justification for not properly pursuing their ordinary right of appeal each year under ORS 309.026 and ORS 309.100. Their failure to timely and properly pursue their annual appeal rights was not due to "an extraordinary circumstance that [wa]s beyond the[ir] control," as required by ORS 305.288(5)(b)(A). Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's request to dismiss Plaintiffs' case is granted and Plaintiffs' Complaint is dismissed.

Dated this ___ day of May, 2016.

 

 

DAN ROBINSON
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on May 31, 2016.*